# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP540-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Beth M. Bant, Attorney at Law: |

Office of Lawyer Regulation,
        Complainant- Respondent,
     v.
Beth M. Bant,
        Respondent- Appellant

ATTORNEY BANT REINSTATEMENT PROCEEDINGS
Reported at 389 Wis. 2d 446,936 N.W.2d 152
PDC No:2019 WI 107 - Published

| | |
|---|---|
| OPINION FILED: | January 26, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

NOT PARTICIPATING:

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2018AP540-D

STATE OF WISCONSIN             :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Beth M. Bant, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

    **v.**

**Beth M. Bant,**

      **Respondent-Appellant.**

**FILED**

**JAN 26, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.  *Reinstatement granted.*

¶1  PER CURIAM.  We review a report filed by Referee David A. Piehler recommending that the court reinstate the license of Beth M. Bant to practice law in Wisconsin.  No appeal has been filed from the referee's report and recommendation.  Accordingly, our review proceeds pursuant to Supreme Court Rule (SCR) 22.33(3).  Upon careful review of the matter, we adopt the referee's findings and conclusions and agree that Attorney Bant's petition for reinstatement should be granted.  We also agree with the referee that the costs of the reinstatement

proceeding, which are $4,149.29 as of November 24, 2020, should be paid by Attorney Bant.

¶2 Attorney Bant was admitted to practice law in Wisconsin in 2013. Her license to practice law in Wisconsin was suspended for six months, effective January 29, 2020, as a result of two counts of misconduct arising out of her work as an in-house lawyer for a Wisconsin insurance company. Attorney Bant made false statements and submitted falsified documents to her employer to obtain reimbursement for expenses she allegedly incurred in attending a conference that in fact she did not attend. She provided falsified documents to her employer when questioned about the request for expense reimbursements. See In re Disciplinary Proceedings Against Bant, 2019 WI 107, 389 Wis. 2d 446, 936 N.W.2d 152.

¶3 Attorney Bant filed a petition seeking the reinstatement of her Wisconsin law license on June 16, 2020. She filed an affidavit in support of her petition. The Office of Lawyer Regulation (OLR) filed a response on August 20, 2020 stating that its investigation did not reveal facts that would demonstrate Attorney Bant could not meet her burden of proof for reinstatement.

¶4 A hearing was held before the referee on October 6, 2020, in Phillips, Wisconsin. The only witness at the hearing was Attorney Bant.

¶5 On November 3, 2020, the referee issued a report concluding that Attorney Bant had satisfied her burden of proof

2

and had met the requirements for reinstatement set forth in SCR 22.31.

¶6 The referee found that Attorney Bant fully complied with the terms of the order of suspension; she has paid the costs of the prior proceeding; and she has made restitution of the payments she fraudulent obtained. The referee notes that during her suspension, Attorney Bant has done volunteer work with 4-H and at community-based residential facilities (CBRF). She has sewn COVID masks for a CBRF. She was hired to work on the U.S. census.

¶7 The referee said Attorney Bant credibly testified at the hearing about the impact that her suspension and related proceedings have had on her life and her resolve not to repeat that. Attorney Bant stated she underwent a six-month period of introspection after being fired from her job during which she examined her career choice. She ultimately decided to pursue the practice of law in a small town, providing needed legal services to a rural area, which areas are traditionally underserved. Attorney Bant testified at the hearing that her suspension and its surrounding circumstances have given her a deeper understanding of the Attorney's Oath and the standards imposed on members of the bar, and she has committed to holding herself to a high standard of practice.

¶8 The referee noted that Attorney Bant provided written recommendations from eight individuals who recommend her reinstatement and who opined that her return to the practice of law will be beneficial to her clients and the community.

3

Attorney Bant indicated that she plans to manage her practice to avoid pressures that might lead to ethical lapses by not practicing in a corporate environment, by carefully screening clients, and by declining to represent clients who would ask her to act in an unethical fashion. She has undergone training in managing her trust account, and has had her staff take such training also. She reconciles her trust account more frequently than required by the supreme court rules. Her practice includes rendering detailed closing statements for real estate transactions to show how funds pass through her trust account. She limits handling of funds for elderly clients involved in Medicaid planning, instead having her clients handle transactions themselves. Attorney Dale Onchuck will be available to Attorney Bant as a resource if she is allowed to resume the practice of law.

¶9 The referee found that Attorney Bant's behavior during the period of her suspension has been exemplary. He found that Attorney Bant has met her burden to show that she is of good moral character. The referee went on to say:

> The remaining questions, remedying the causes of the misbehavior, protecting the administration of justice and the public interest, and the ability of the Petitioner to be safely recommended to the legal profession, the courts and the public as fit to be consulted by and to represent others in matters of trust and confidence, and to aid in the administration of justice, are interrelated. I don't believe we will ever be able to understand or explain the misbehavior that led to the court's discipline. It was not rational, particularly considering the significant financial and emotional cost for Ms. Bant compared to the amount involved in the misconduct. While the cost

4

to Ms. Bant was only learned after the fact, she testified credibly that the process of discipline and her suspension have impressed upon her the need to scrupulously adhere to the rules of professional responsibility. Ms. Bant became visibly emotional twice during the hearing while describing the effect the discipline has had on her and her family. I find those displays of emotion were genuine, and demonstrate remorse, . . .. She also credibly testified about her commitment to avoid further misconduct. She testified that she would hold herself to a high standard in the future. . . .

Ms. Bant wishes to resume her practice of law in Phillips, involving in large measure dealing with the elderly, a vulnerable population. She also plans to handle real estate transactions, which involve handling large sums of money.

¶10 The referee noted that Attorney Bant has indicated that Attorney Onchuck will be available to consult with her. The referee said that Attorney Onchuck has had an opportunity to observe how Attorney Bant interacts with clients after her misconduct but prior to her suspension, and the referee found Attorney Onchuck's comments helpful and persuasive. The referee noted that the State Bar of Wisconsin has publicized the need for attorneys in rural areas, and transactional and elder law attorneys are said to be a particular need. The referee concluded,

With her added ethical education through her numerous [continuing legal education] credits, with her stated commitment to adhere to the highest standards of practice, and with the safeguards and policies she plans to institute should her license to practice law be reinstated, I believe Ms. Bant can safely be recommended to the courts and the public as fit to practice law as she intends.

¶11 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶12 Supreme Court Rule 22.29(4) provides that a petition for reinstatement must show all the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶13 Supreme Court Rule 22.31(1)(c) provides that an attorney seeking reinstatement has the burden of demonstrating all of the above requirements by clear, satisfactory, and convincing evidence. Supreme Court Rule 22.31(1) also provides that an attorney seeking reinstatement must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest; and that he or she has complied with SCR 22.26 and the terms of the underlying disciplinary order. See SCR 22.31(1)(a), (b), and (d).

¶14 Upon review of the record, we agree that Attorney Bant has established by clear, satisfactory, and convincing evidence that she has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Bant's license to practice law in Wisconsin. As is our usual custom, we also find it appropriate to assess the full costs of the proceeding, which are $4,149.29 against Attorney Bant.

¶15 IT IS ORDERED that the license of Beth M. Bant to practice law in Wisconsin is reinstated, effective the date of this order.

¶16 IT IS FURTHER ORDERED that within 60 days of the date of this order, Beth M. Bant shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,149.29 as of November 24, 2020.